DELTA BUILDING GROUP, INC.,
Appellant/Interpleader
Defendant,

v.

Michael A. LAURENZANO and Livia
A. Laurenzano, Appellees/Inter-
pleader Plaintiffs,

and

Newcomer Lumber And Supply Co., Inc.,
ILLG Construction, Cline Excavating,
Thermocore Panel Systems, Window
One, and Suburban Steel Company,
Appellees/Interpleader Defendants.

Newcomer Lumber & Supply Co.,
Inc., Appellee–Plaintiff,

v.

Delta Building Group, Inc. and Michael
A. Laurenzano and Livia A. Laurenza-
no, Appellees–Defendants.

Window One, Appellee/Cross–Plaintiff,

v.

ABN AMRO Mortgage Group, Inc.,
Appellee/Cross–Defendant.

Thermocore Panel Systems,
Appellee/Cross–
Plaintiff,

v.

ABN AMRO Mortgage Group, Inc.,
Appellee/Cross–Defendant.

No. 55A04–0611–CV–653.

Court of Appeals of Indiana.

Jan. 16, 2008.

Brian C. Maier, Brian C. Maier, P.C.,
Indianapolis, IN, Attorney for Appellant.

Shiv Ghuman O'Neill, Mark A. Voigtmann, Baker & Daniels, LLP, Indianapolis, IN, Attorneys for Appellee.

### OPINION ON REHEARING

CRONE, Judge.

Delta Building Group, Inc. ("Delta") petitions for rehearing on our recently published opinion, *Delta Building Group, Inc. v. Laurenzano*, 873 N.E.2d 1132 (Ind.Ct. App.2007). Delta appealed the trial court's ruling in favor of Michael A. Laurenzano and Livia A. Laurenzano ("the Laurenzanos") on their complaint for interpleader. The Laurenzanos had contracted with Delta for the construction of a home in Morgan County. The contract included an arbitration clause. In November 2003, the Laurenzanos fired Delta and initiated an arbitration proceeding. In his final order, the arbitrator awarded the Laurenzanos $35,514.00, and he awarded Delta $81,318.01, resulting in a net amount of $45,804.01 owed by the Laurenzanos to Delta.

In the interest of seeking protection from multiple liability as to the claims of Delta and any unpaid suppliers and subcontractors, the Laurenzanos filed in the trial court a complaint for interpleader against Delta and its suppliers and subcontractors. On December 23, 2005, the Laurenzanos paid the net arbitration award of $45,804.01, plus interest in the amount of $76.39, to the Morgan County Clerk. On March 28, 2006, the trial court ordered that "all of the defendant subcontractors must seek their compensation from Delta and not from [the Laurenzanos] as to the amounts found by the arbitrator." Appellants' App. at 13. On October 4, 2006, the trial court ordered that the award of $45,804.01 be divided pursuant to an agreed stipulation of three supplier/subcontractors. Delta appealed the order, claiming that the trial court had improperly modified and/or vacated the arbitration award in this case. On September 28, 2007, we affirmed the trial court's order because, in our view, the order merely enforced the arbitration award. On October 26, 2007, Delta filed its petition for rehearing. We grant Delta's petition for the limited purpose of clarifying our original opinion. In all other respects, we affirm our original opinion.

■ First, Delta argues that in reaching our determination, we failed to consider Indiana Code Section 34–57–2–12 in its entirety. The statute reads as follows:

> Upon application of a party, but not before ninety (90) days after the mailing of a copy of the award to the parties, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Sections 13 and 14 of this chapter. *Upon confirmation, the court shall enter a judgment consistent with the award and cause such entry to be docketed as if rendered in an action in the court.*

Ind.Code § 34–57–2–12 (emphasis added). Delta notes that we did not restate the second sentence of the statute in our original opinion and therefore presumes that we did not consider the entire statute in rendering our decision. Delta contends that the language of that second sentence requires us to find in its favor because, it says, the trial court's orders regarding the Laurenzanos' interpleader action are not "consistent with" the arbitration award.

In fact, we did consider the language of the entire statute in our review of the case. As we stated in our opinion, "we agree with the Laurenzanos that the trial court's orders enforced the arbitrator's award and distributed it so as to protect the Lauren-

zanos from multiple liability as to these particular funds." *Delta*, 873 N.E.2d at 1137–38. In other words, we think that the trial court's orders confirmed the arbitration award *and* were consistent with the award pursuant to Indiana Code Section 34–57–2–12.

■ Delta also requests that we specifically address its affirmative defense argument. In its appellant's brief, Delta claimed that the trial court should have granted summary judgment in Delta's favor as to the Laurenzanos' complaint for interpleader because Delta pleaded the affirmative defense of arbitration and award. As Delta points out, Indiana Trial Rule 8(C) lists "arbitration and award" as an affirmative defense. Delta contends that "[t]here is no genuine issue as to the existence of Delta's affirmative defense of Arbitration and Award" because "the subject matter of [the interpleader action] is the arbitration award." Appellant's Pet. for Reh'g at 12. We disagree. Because we conclude that the complaint for interpleader did not contradict the arbitration award, but rather served as a means to enforce the arbitration award while protecting the Laurenzanos from multiple liability, the alleged affirmative defense of arbitration and award is simply not a defense to this use of an interpleader action.

Delta's petition for rehearing is granted. We affirm our original opinion in all respects, except as clarified above.

BAKER, C.J., and FRIEDLANDER, J., concur.